1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

12   JULIE ARZAGA,

13                                    Plaintiff,

14   v.

15   WELLS FARGO BANK, N.A.; AND,
     DOES 1-20, INCLUSIVE,

16

17                                    Defendant.

18

19

Case No.:  16-CV-2505 AJB (WVG)

**ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND
DENYING AS MOOT
DEFENDANT'S MOTION TO
DISMISS UNDER 12(b)(6)**

**(DOC. NOS. 3, 5)**

20          Presently before the Court is a motion to remand (Doc. No. 3-1), filed by Julie

21   Arzaga ("Plaintiff"), and a motion to dismiss pursuant to Federal Rule of Civil Procedure

22   12(b)(6) (Doc. No. 5-1), filed by Wells Fargo Bank ("Defendant"). These motions are

23   suitable for determination on the papers and without oral argument in accordance with

24   Civil Local Rule 7.1.d.1. Accordingly, the motion hearing scheduled for January 5, 2017,

25   is hereby vacated. Upon consideration of the motions and the parties' arguments in support

26   and opposition, Plaintiff's motion to remand is **GRANTED** and Defendant's motion to

27   dismiss is **DENIED AS MOOT**.

28   ///

## **BACKGROUND**

The present action arises from a loan transaction. (Doc. No. 5-1 at 2.) In April of 2005, Plaintiff borrowed $686,250 from World Savings. (*Id.*; *See* Compl. ¶ 18, Doc. No. 1-2.) The loan was memorialized by an adjustable rate note and secured by a deed of trust recorded against 1585 Chaparral Drive, Bonita, California 91902 ("the Property"). (Doc. No. 5-1 at 2.)

Plaintiff allegedly fell behind in the payments owed on the loan and then hired Hoffman & Forde ("H&F") to assist her in resolving her debt.[1] (Compl. ¶¶ 19, 20.) In June of 2016, H&F states that it sent Defendant a Letter of Representation ("LOR") via facsimile. (*Id.* ¶ 21.) The LOR allegedly provided Defendant with H&F's name and contact information and informed Defendant that Plaintiff was a represented party, thus all future communications with regards to Plaintiff's debt were to be sent directly to H&F. (*Id.* ¶¶ 22, 23.)

On July 5, 2016, following multiple phone calls between Defendant and H&F, Defendant allegedly posted a notice ("the Notice") outside Plaintiff's property. (*Id.* ¶¶ 24, 25.) The Notice stated that it was an "urgent notice" and requested that Plaintiff contact Defendant immediately. (*Id.* ¶ 28.) Plaintiff claims that the Notice was placed in a highly visible location near a high traffic sidewalk. (*Id.* ¶ 26.) In response to the Notice, H&F claims it immediately contacted Defendant and repeated that Plaintiff was a represented party. (*Id.* ¶ 32.) In response, H&F asserts that Defendant stated that Plaintiff would not receive any further communication. (*Id.* ¶ 33.) Despite this, Plaintiff claims that she received another Notice posted on her Property in August of 2016. (*Id.* ¶ 34.)

Plaintiff filed her initial complaint in Superior Court on September 1, 2016. (Doc. No. 1-2 at 2.) Plaintiff's complaint alleges that Defendant violated the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). Specifically, two of Plaintiff's causes of action are: (1) Plaintiff contends that Defendant violated Cal. Civ. Code § 1788.12(d) by placing

---

[1] Plaintiff disputes the validity of said debt. (Compl. ¶ 19.)

the Notice on Plaintiff's property to embarrass her and (2) Plaintiff argues that Defendant violated Cal. Civ. Code § 1788.14(c) by communicating with Plaintiff despite being previously informed that she was represented by H&F. (Compl. ¶¶ 30, 31.)[2] On October 6, 2016, Defendant filed a notice of removal based on federal question jurisdiction. (Doc. No. 1.) On October 7, 2016, Plaintiff filed her motion to remand the case back to State Court. (Doc. No. 3.) On October 13, 2016, Defendant filed a motion to dismiss Plaintiff's complaint. (Doc. No. 5.) For the reasons set forth in more detail below, the Court **GRANTS** Plaintiff's motion to remand. Consequently, Defendant's motion to dismiss is **DENIED AS MOOT**.

## LEGAL STANDARD

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a), 1441(a)-(b), 1446. Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Ethridge v. Harbor House Rest.*, 861 F.2d

---

[2] In total, Plaintiff asserts causes of action under Cal. Civ. Code §§ 1788-1788.32 of the Rosenthal Act. (Doc. No. 1-2 at 8.)

1389, 1393 (9th Cir. 1988).

## DISCUSSION

In the interest of judicial economy, the Court first evaluates whether the motion to remand should be granted. Plaintiff alleges that the instant action should be remanded because: (1) this Court does not have federal question jurisdiction as Plaintiff's complaint only identifies causes of action under the Rosenthal Act and (2) the parties in the instant action are not diverse. (Doc. No. 3-1 at 3-6.) Defendant argues that Plaintiff's complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), thus removal is proper. (Doc. No. 7 at 2.)

**1.    Federal Question Jurisdiction**

Under the "well-pleaded complaint rule . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. (internal quotation marks omitted). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). A "federal issue" is not a "password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods. Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (internal quotation marks omitted). The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Emrich*, 846 F.2d at 1195.

Defendant states that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 as some of Plaintiff's claims arise under the FDCPA only. (Doc. No. 7 at 3.) For instance, Defendant states that Plaintiff's cause of action under 15 U.S.C. § 1692e(5) has no Rosenthal Act counterpart, thus a violation of this section of the FDCPA requires that the FDCPA was itself violated and not the Rosenthal Act. (*Id.*) Furthermore, Defendant argues that Plaintiff seeks to use the "least sophisticated debtor" standard that is incorporated under the FDCPA. (Doc. No. 7 at 4.)

The Court has carefully examined Defendant's arguments and found that the federal

4

law discussed in the complaint does not give the Court subject matter jurisdiction. Though Plaintiff references portions of the FDCPA, Plaintiff's main claim and causes of action are pled on the face of her complaint as arising under the Rosenthal Act. Additionally, the law is well established that the Rosenthal Act incorporates provisions of the FDCPA. *See Reyes Lopez v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1165 (N.D. Cal. Dec. 6, 2007) (outlining the California legislature's incorporation of many provisions of the FDCPA into the Rosenthal Act). However, referencing those portions of the Rosenthal Act that involve the FDCPA does not change a state law cause of action into a federal one. *See Ortega v. HomEq Serv.*, No. CV 09-02130 MMM (DTBx), 2010 WL 383368, at *5 (C.D. Cal. Jan. 25, 2010) ("Since the provisions are incorporated in and made part of state law, referencing the federal statute does not automatically transform [a Rosenthal Act] claim into a federal claim."); *see also Olson v. Wells Fargo Bank*, 961 F. Supp. 2d 1149, 1164 n.2 (C.D. Cal. Aug. 1, 2013) (holding that plaintiff's reference to the FDCPA was insufficient to vest the District Court with federal question jurisdiction because "such references are inevitable as the California legislature incorporated portions of the FDCPA into its law") (citing *Ortega*, 2010 WL 383368, at *5.); *Pacifuentes v. PMAC Lending Servs. Inc.*, No. CV 09-6736 CAS (JEMx), 2010 WL 532375, at *2 (C.D. Cal. Feb. 9, 2010). In sum, the Court finds that Plaintiff's causes of action only rely on the FDCPA in so much as those portions of the FDCPA are incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.[3]

Additionally, the Court disagrees with Defendant's contention that Plaintiff's claim under 15 U.S.C. 1692e(5)[4] has no corresponding section under the Rosenthal Act. (Doc. No. 7 at 3-4.) Upon review of the Rosenthal Act, the Court finds that Cal. Civ. Code § 1788.13(j) (prohibiting false representations as to the institution of legal proceedings) and

---

[3] Section § 1788.17 of the Rosenthal Act states: "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code . . . ." Cal. Civ. Code § 1788.17.

[4] 15 U.S.C. § 1692e(5) states that it is a violation for a debt collector to "threat to take any action that cannot legally be taken or that is not intended to be taken."

Cal. Civ. Code § 1788.10(e) (threatening that nonpayment of the consumer debt may result in the seizure or sale of the property) closely follows 15 U.S.C. § 1692e(5). *See McEndree v. Rash Curtis & Assocs.*, No. 2:10-cv-01079-MCE-JFM, 2012 WL 1640465, at *6 (E.D. Cal. May 9, 2012). Thus, as Plaintiff's complaint has alleged causes of action under the Rosenthal Act, Cal. Civ. Code § 1788-1788.32, and Plaintiff has incorporated the FDCPA through Cal. Civ. Code § 1788.17, Defendant's contention that Plaintiff has made allegations relating to the FDCPA only is without merit.

Lastly, after analysis of the complaint, the Court does not find evidence supporting Defendant's claim that Plaintiff has referenced or desires to invoke the "least sophisticated debtor" standard under the FDCPA. (Doc. No. 7 at 2.) Looking to the face of Plaintiff's complaint, the Court finds that Plaintiff states that Defendant has violated the Rosenthal Act, and asks the Court for damages pursuant to Cal. Civ. Code § 1788.30(a)-(c). (Doc. No. 1-2 at 8-9.) The Court concludes that Defendant has not satisfied its burden in showing that Plaintiff's causes of action arise under federal law and that removal was proper. Consequently, Plaintiff's motion to remand is **GRANTED**.

## 2. Diversity Jurisdiction

Defendant and Plaintiff briefly touch upon establishing subject matter jurisdiction through diversity of citizenship. Defendant argues that a national banking association is a citizen of the state in which its main office is located. (Doc. No. 7 at 2.) As a result, Wells Fargo is a citizen of South Dakota. (*Id.*) In opposition, Plaintiff states that Defendant is not a citizen of South Dakota, but is a citizen of California. (Doc. No. 3-1 at 6.) As a result, diversity is destroyed in the present matter. (*Id.*)

The Court agrees with Defendant and finds that Wells Fargo is a citizen of South Dakota. Previously, District Courts were split as to whether a national bank is a citizen of the state in which is main office is located or where its principal place of business is held. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (finding that for the purposes of diversity jurisdiction, national banking association's citizenship is the state designated in its articles of association as its main office); *Contra American Surety Co v. Bank of*

6

*California*, 133 F.2d 160, 162 (9th Cir. 1943) (the Court held that for purposes of diversity jurisdiction "the States in which [national banking associations] are located" are those states in which their principal places of businesses are maintained); *see Ortiz v. Wells Fargo Bank*, No. 13cv0060-GPC-BLM, 2013 WL 1702790, at *3–4 (S.D. Cal. Apr. 19, 2013) (holding the Ninth Circuit authority in *American Surety* as binding and finding that Wells Fargo is a citizen of California as this is the state in which it has its principal place of business).

This split in authority was resolved in 2014 when the Ninth Circuit Court of Appeals ruled that national banking associations are only citizens of the state in which their main office is located. *Rouse v. Wachovia* Mortgage, 747 F.3d 707, 715 (9th Cir. 2014). Accordingly, the court held that Wells Fargo was a citizen only of South Dakota. (*Id.*) Following the holding set by the Ninth Circuit Court of Appeals, the Court finds that Wells Fargo is a citizen of South Dakota; thus the parties are diverse in the instant matter.

The Court now turns to establish whether or not the amount in controversy appears to exceed $75,000. The Court notes that Defendant in the instant matter has made no showing as to why the amount in controversy exceeds $75,000. In fact, the Court finds that Defendant only briefly talks about diversity jurisdiction in a footnote in its opposition, but makes no reference as to the amount in controversy. (Doc. No. 7 at 2.) Therefore, Defendant has not carried its burden of demonstrating that grounds for diversity jurisdiction exist. Moreover, the Court notes that Plaintiff requests actual damages, an award of statutory damages of $1000 against each named defendant, and an award of costs of litigation and reasonable attorney's fees. (Doc. No. 1-2 at 9.) If added together, the Court finds it unpersuasive that the amount would exceed $75,000. As a result, finding no federal question or diversity jurisdiction, the Court finds that removal was improper. The Court now remands this action back to state court.

///

///

///

7

## <u>CONCLUSION</u>

As this case does not arise under federal law, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff's motion to remand (Doc. No. 3-1) is **GRANTED** and Defendant's Rule 12(b)(6) motion to dismiss (Doc. No. 5-1) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated:  November 14, 2016

Hon. Anthony J. Battaglia
United States District Judge

8